# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>MORRIS SHEA BRIDGE COMPANY,<br><br>Defendant. | Case No. 1:24-cv-01487-KES-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION AS DUPLICATIVE**<br><br>(Doc. 1)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Sergio Alvarez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action on December 6, 2024. (Doc. 1.) Plaintiff's complaint is currently before the Court for screening.

**I.  Screening Requirement**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  Discussion**

Plaintiff asserts a claim for fraud against Defendant Morris Shea Bridge Company, alleging that he was "laid off and [he] wrote a note and sign to mail [his] check and they change

1

1    the words on the note." (*Id.* at 6.) He seeks $100,000.00. (*Id.* at 5.)

2    Plaintiff previously pursued this same claim in an action before the Court in *Alvarez v.
3    Morris Shea Bridge Company*, Case No. 1:23-cv-01725-JLT-BAM.[1] As with the instant action,
4    Plaintiff asserted a claim for fraud against Morris Shea Bridge Company. He alleged in his
5    complaint that "they modified my note from work I wrote email my check and they [wrote] that I
6    didn't want to wait for it on the note." (*See Alvarez*, Case No. 1:23-cv-01725-JLT-BAM, Doc. 1-
7    3 at 4.) Plaintiff also sought relief in the amount of $100,000. (*Id.*)

8    Following removal of that action from state court, Morris Shea Bridge Company filed a
9    motion to dismiss. (*Alvarez*, Case No. 1:23-cv-01725-JLT-BAM, Doc. 4.) The district court
10   granted the motion, dismissed Plaintiff's complaint without prejudice, and ordered Plaintiff to file
11   an amended complaint. (*Id.* at Doc. 16.) In lieu of an amended complaint, Plaintiff submitted
12   two letters (or notices) to the Court. (*See id.* at Docs. 17, 18.)

13   On July 11, 2024, the Court informed Plaintiff that his letters (or notices) could not be
14   construed as an amended complaint in compliance with the Court's order. (*Alvarez*, Case No.
15   1:23-cv-01725-JLT-BAM, Doc. 20.) The Court therefore ordered Plaintiff to show cause why that
16   action should not be dismissed for failure to obey the Court's order and failure to prosecute the
17   action. (*Id.*)

18   Plaintiff filed a written response, which did not show cause and could not be construed as
19   an amended complaint. (*Alvarez*, Case No. 1:23-cv-01725-JLT-BAM, Doc. 21.) Because the
20   deadline for Plaintiff to file his first amended complaint had passed and Plaintiff had not
21   complied with the Court's orders, the undersigned issued Findings and Recommendations that
22   recommended the action be dismissed based on Plaintiff's failure to obey the Court's orders and
23   for failure to prosecute. (*Id.* at Doc. 24.) On September 18, 2024, the district court adopted the
24   Findings and Recommendations over Plaintiff's objections and dismissed the action based on
25   Plaintiff's failure to obey the Court's orders and for failure to prosecute this action. (*Id.* at Doc.
26   34.) Judgment was entered that same day. (*Id.* at Doc. 35.) Plaintiff subsequently appealed the

---

[1] A court may take judicial notice of its own records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases.").

final judgment to the Ninth Circuit Court of Appeals. That appeal, Case No. 25-356, remains pending before the Ninth Circuit. (*Id.* at Doc. 44.)

Although the district court did not dismiss the prior action with prejudice, Plaintiff may not re-file the claim in a new action while his appeal is still pending. *See Khouanmany v. Carvajal*, No. 20-CV-02858-LHK, 2021 WL 2186218, at *7 (N.D. Cal. May 28, 2021). "It is well-established that a district court may dismiss 'a complaint that merely repeats pending or previously litigated claims.'" *Id.* (quoting *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)) (internal quotations omitted); *see also Adesanya v. United States*, No. 15-CV-01379-KAW, 2015 WL 5961938, at *4 (N.D. Cal. Oct. 14, 2015) (dismissing complaint that was duplicative of pending appeal).

### III.   Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 5, 2025**        /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE