# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MORRIS SHEA BRIDGE COMPANY,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-01487-KES-BAM<br><br>SCREENING ORDER GRANTING LEAVE TO AMEND<br><br>(Doc. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Sergio Alvarez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action on December 6, 2024. (Doc. 1.) On February 5, 2025, the undersigned issued Findings and Recommendations to dismiss this action as duplicative of a then-pending appeal. (Doc. 4.) While those Findings and Recommendations were pending, the Ninth Circuit dismissed the appeal. Accordingly, the Findings and Recommendations were vacated. (Doc. 6.) Plaintiff's complaint is now before the Court for screening.

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Summary of Allegations

Plaintiff names Morris Shea Bridge Company as to the sole defendant in this action. Plaintiff utilized this Court's complaint form to prepare his complaint. In the section of the form regarding the basis of this Court's jurisdiction, Plaintiff alleges federal question. (Doc. 1 at 3.) In the section for listing the federal statutes, federal treaties, or provision of the United States Constitution that are at issue in this case, Plaintiff states, "fraud and they updated a note that I sign." (*Id.* at 4.) In the statement of claim section of the form, Plaintiff states, "I asking the Court for $100.000 thousand for the fraud on my note." (*Id.* at 5.) In the relief section of the form, Plaintiff alleges that he "got laid off and I wrote a note and sign to mail my check and they change the words on the note." (*Id.* at 6.)

## III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 9, fails to establish federal question jurisdiction, and fails to state a cognizable claim for relief. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend his complaint to the extent he can do so in good faith.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims. While short, Plaintiff's complaint does not clearly state what happened, when it happened, or who was involved. Although Plaintiff alleges that the words on the note were changed, he does not clearly state when he wrote the note, what he wrote, how the note was changed, or who changed the words.

Additionally, Plaintiff does not allege that he suffered any harm resulting from the alleged change to his note. Without a clear, concise statement of the factual allegations, the Court cannot determine if Plaintiff states a cognizable claim for relief. If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and it must include factual allegations related to his claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

### B. Federal Rule of Civil Procedure 9

Plaintiff's claim of fraud is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citation omitted). Fraud-based claims "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Considering Plaintiff's failure to plead sufficient facts to state a claim under Rule 8, Plaintiff's complaint likewise fails to satisfy the stricter pleading requirements of Rule 9(b).

### C. Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

### 1. Federal Question Jurisdiction

Plaintiff asserts that the basis of the Court's jurisdiction is federal question. Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of the United States upon which relief in this civil action may be premised. However, the complaint appears to establish diversity jurisdiction.

### 2. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's complaint adequately alleges that the parties' citizenship is diverse. Plaintiff alleges that he is a citizen of California, and that Defendant is a citizen of Alabama. (Doc. 1 at 4.) Plaintiff also alleges that the amount in controversy exceeds the sum or value of $75,000, as Plaintiff seeks relief in the amount of $100,000. (*Id.* at 5.) Liberally construing the allegations, Plaintiff's complaint establishes diversity jurisdiction.

### D. State Law Fraud Claim[1]

"Under California law, the elements of common law fraud are misrepresentation,

---

[1] Federal courts sitting in diversity apply state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Grimes v. Mesa*, No. 22-CV-1345 TWR (JLB), 2023 WL 2977725, at *4 (S.D. Cal. Apr. 17, 2023) (citation and internal quotations omitted); *Gil v. Bank of America, N.A.*, 138 Cal. App. 4th 1371, 1381 (2006) ("The elements of fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage."). The limited allegations in Plaintiff's complaint that "they updated a note" that he signed and he "wrote a note and sign to mail my check and they change the words on the note" are not sufficient to state a claim for fraud. Plaintiff's complaint does not allege what words were changed, that any purported change was false, that defendant knew that such change was false when it was made, or that defendant wrote the statement on the note with an intent to defraud Plaintiff. Further, the complaint fails to explain how Plaintiff justifiably relied on the written statement or how any such reliance resulted in damages to Plaintiff.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 9 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **June 5, 2025**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE