1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SERGIO ALVAREZ, | Case No. 1:24-cv-01487-KES-BAM |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| MORRIS SHEA BRIDGE COMPANY, | (Docs. 1, 7) |
| Defendant. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Sergio Alvarez ("Plaintiff") proceeds pro se and in forma pauperis in this civil action. (Doc. 1.) For the reasons that follow, the Court will recommend that this action be dismissed for failure to obey a court order and for failure to state a claim.

**I.    Background**

Plaintiff initiated this action on December 6, 2024. (Doc. 1.) On June 5, 2025, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that the complaint failed to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 9, failed to establish federal question jurisdiction, and failed to state a cognizable claim for relief. (Doc. 7.) The Court granted Plaintiff leave to amend within thirty (30) days of service of the Court's order. (*Id.*) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action for failure to obey a court order and for failure to state a claim upon which relief may

1

be granted. (*Id.* at 6.) The deadline for Plaintiff to file an amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action.

## II. Failure to State a Claim

### A. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B. Summary of Plaintiff's Allegations

Plaintiff names Morris Shea Bridge Company as to the sole defendant in this action. Plaintiff utilized this Court's complaint form to prepare his complaint. In the section of the form regarding the basis of this Court's jurisdiction, Plaintiff alleges federal question. (Doc. 1 at 3.) In the section for listing the federal statutes, federal treaties, or provision of the United States

Constitution that are at issue in this case, Plaintiff states, "fraud and they updated a note that I sign." (*Id.* at 4.) In the statement of claim section of the form, Plaintiff states, "I asking the Court for $100.000 thousand for the fraud on my note." (*Id.* at 5.) In the relief section of the form, Plaintiff alleges that he "got laid off and I wrote a note and sign to mail my check and they change the words on the note." (*Id.* at 6.)

### C. Discussion

#### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims. While short, Plaintiff's complaint does not clearly state what happened, when it happened, or who was involved. Although Plaintiff alleges that the words on the note were changed, he does not clearly state when he wrote the note, what he wrote, how the note was changed, or who changed the words. Additionally, Plaintiff does not allege that he suffered any harm resulting from the alleged change to his note. Without a clear, concise statement of the factual allegations, the Court cannot determine if Plaintiff states a cognizable claim for relief.

#### 2. Federal Rule of Civil Procedure 9

Plaintiff's claim of fraud is subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud

3

be specific enough to give defendants notice of the particular misconduct." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citation omitted). Fraud-based claims "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Considering Plaintiff's failure to plead sufficient facts to state a claim under Rule 8, Plaintiff's complaint likewise fails to satisfy the stricter pleading requirements of Rule 9(b).

### 3. Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

#### a. Federal Question Jurisdiction

Plaintiff asserts that the basis of the Court's jurisdiction is federal question. Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of

the United States upon which relief in this civil action may be premised. However, the complaint appears to establish diversity jurisdiction.

### b. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Plaintiff's complaint adequately alleges that the parties' citizenship is diverse. Plaintiff alleges that he is a citizen of California, and that Defendant is a citizen of Alabama. (Doc. 1 at 4.) Plaintiff also alleges that the amount in controversy exceeds the sum or value of $75,000, as Plaintiff seeks relief in the amount of $100,000. (*Id.* at 5.) Liberally construing the allegations, Plaintiff's complaint establishes diversity jurisdiction.

### 4. State Law Fraud Claim[1]

"Under California law, the elements of common law fraud are misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Grimes v. Mesa*, No. 22-CV-1345 TWR (JLB), 2023 WL 2977725, at *4 (S.D. Cal. Apr. 17, 2023) (citation and internal quotations omitted); *Gil v. Bank of America, N.A.*, 138 Cal. App. 4th 1371, 1381 (2006) ("The elements of fraud are a misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance and resulting damage."). The limited allegations in Plaintiff's complaint that "they updated a note" that he signed and he "wrote a note and sign to mail my check and they change the words on the note" are not sufficient to state a claim for fraud. Plaintiff's complaint does not allege what words were changed, that any purported change was false, that defendant knew that such change was false when it was made, or that defendant wrote the statement on the note with an intent to defraud Plaintiff. Further, the complaint fails to explain how Plaintiff justifiably relied on the written statement or how any such reliance resulted in damages to Plaintiff.

---

[1] Federal courts sitting in diversity apply state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)).

### III. Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

#### B. Discussion

Here, Plaintiff's amended complaint is overdue. (*See* Doc. 7.) The action cannot proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the Court cannot hold this case in abeyance awaiting compliance by Plaintiff. The Court additionally cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*,

291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's June 5, 2025 screening order expressly warned Plaintiff that his failure to comply would result in a recommendation for dismissal of this action. (Doc. 7 at 6.) Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's in forma pauperis status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed based on Plaintiff's failure to obey the Court's order and for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2025**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE